869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rose COOKE; Sheron Brown; George E. Bell; Vicky Rogers;
the Commonwealth of Kentucky, Plaintiffs-Appellees,
v.
Isaya MWONYONYI, Dr., Defendant-Appellant.
 No. 88-6159.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Isaya Mwonyonyi moves for counsel and in forma pauperis status. He also moves for an order enjoining the Commonwealth of Kentucky from prosecuting him. He brought a petition for removal of a complaint filed against him in state court for "communication harassment." He claimed that he will not receive a fair trial on the pending charges against him at the state level because he refuses to drop a complaint which he filed against the state police. Upon review, the district court denied the petition for removal because he did not assert a valid basis for removal. Although Mwonyonyi noticed an appeal from the denial of his motion to reconsider, the appeal is construed as brought from the underlying judgment. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1983).
 
 
 3
 Upon consideration, we affirm the denial of the petition. 28 U.S.C. Sec. 1443(1) entitles defendants to remove suits to the federal court only if they meet both requirements of that subsection. They must show both that the right upon which they rely is a "right under any law providing for ... equal civil rights," and that they are "denied or cannot enforce" that right in the [state court]. Georgia v. Rachel, 384 U.S. 780, 788 (1966). Furthermore, the phrase "any law providing for ... equal civil rights" must be construed to mean any law providing for specific civil rights stated in terms of racial equality. See Georgia, 384 U.S. at 791. Thus, contentions under the first and fourteenth amendments cannot support a valid claim for removal under Sec. 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that Sec. 1443 demands. See Georgia, 384 U.S. at 792. The Georgia decision is dispositive of Mwonyonyi's attempt to remove the criminal charges against him to federal court pursuant to 28 U.S.C. Sec. 1443(1). Mwonyonyi did not assert any rights pursuant to laws providing for equal civil rights stated in terms of racial equality. Instead, they are "phrased in terms of general application available to all persons or citizens." Likewise, Mwonyonyi's claim that he would be unable to obtain a fair trial in state court is not a valid basis for removal. See Greenwood v. Peacock, 384 U.S. 808, 826-32 (1966).
 
 
 4
 Nor is Mwonyonyi entitled to removal based upon 28 U.S.C. Sec. 1443(2). This section confers a privilege of removal of an action only upon federal officers and persons assisting federal officers in performing their official duties. Greenwood, 384 U.S. at 824. Mwonyonyi has not satisfied the requirements of this subsection because he did not establish that he was a federal officer or that he in any manner was assisting federal officers in performing their official duties. Thus, he is not entitled to removal based on 28 U.S.C. Sec. 1443(2).
 
 
 5
 For these reasons, the motions for counsel in forma pauperis status, and for an order enjoining the Commonwealth of Kentucky from prosecuting him are denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.